# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Francis Simmons, ) | Civil Action No. 0:21-0422-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Captain Green, Sergeant Fields, and ) | |
| Officer Jackson; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 10.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the complaint without prejudice.

**I.     Background**

Plaintiff Francis Simmons is an incarcerated person proceeding *pro se* to allege pursuant to 42 U.S.C. § 1983 that his civil rights were violated when his personal property was taken and not returned to him by SCDC Lee Correctional Institution correctional officers. Simmons alleges that Officers Jackson and Fields sent Plaintiff his clothing, bedding, food and drink utensils, toiletries, legal papers, letters, pictures and books when Plaintiff was transferred to a restrictive housing unit, but that Officer Green sent the property back to the dorm, where it was divided and stolen by inmates. Plaintiff's cause of action is for "loss of personal property" and cruel and unusual punishment. He seeks damages for the lost property and to have good time credit restored. (Dkt. No. 1.) On an initial review of the pleading, the Magistrate Judge

recommends that it be dismissed without prejudice for failing to state a claim on which relief can be granted.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly determined that the complaint be dismissed without prejudice. Affording this *pro se* litigant's pleading an appropriately liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it nonetheless fails to set forth sufficient factual allegations that, accepted as true, state a plausible claim on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's claim for "loss of personal property" is appropriately construed as a claim for

violation of his right to procedural due process right under the Fourteenth Amendment. Although the Fourteenth Amendment protects prisoners from deprivation of property without due process, *Zinermon v. Burch*, 494 U.S. 113, 127-28 (1990), an unauthorized deprivation by state officials does not violate the Due Process Clause if the state provides a meaningful post-deprivation remedy for the loss, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Here, Plaintiff's factual allegations fail to support finding that his property was taken pursuant to a state policy or law that would authorize the officials' conduct or that there is no adequate post-deprivation remedy available under state law. *See, e.g.*, *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (finding that South Carolina's claim and delivery statute provides an adequate post-deprivation remedy to state prisoners that satisfies due process requirements). Moreover, the complaint fails to support a finding that, assuming the truth of the allegation that the officers lost Plaintiff's property, it was due to more than mere negligence. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (Due Process Clause not implicated by state official's negligent act causing unintended loss of property). Last, regarding Plaintiff's request that the Court restore his good time credit, a claim brought under § 1983 is not the appropriate vehicle to seek that remedy. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (prisoner in state custody cannot use § 1983 to challenge "the fact or duration of his confinement" and "must seek federal habeas corpus relief (or appropriate state relief) instead.").

For these reasons, the Court adopts the Magistrate Judge's recommendation that the complaint be dismissed without prejudice for failing to state a claim on which relief can be granted.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 10) as the order of the Court. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 29, 2021
Charleston, South Carolina